IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKSON PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-318-M |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED**.

I.  **PROCEDURAL BACKGROUND**

Plaintiff's application was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 121-131). Upon Plaintiff's request for review, the Appeals Council remanded the case to a second ALJ for additional findings. (TR. 139-140). A subsequent hearing was held and

the second ALJ issued an unfavorable decision. (TR. 13-39). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the second ALJ following the Appeals Council's remand became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 28, 2008, the alleged disability onset date. (TR. 16). At step two, the ALJ determined Mr. Palmer had a "severe" impairment involving disorders of the spine. (TR. 16). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16).

At step four, the ALJ concluded that Mr. Palmer had the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant cannot climb ladders, ropes, or scaffolds or perform extraordinary balance; the claimant can occasionally climb stairs and ramps, kneel, crouch, crawl, and stoop; the claimant uses a cane for ambulation in the right hand and uses of [sic] walker as needed for ambulation.

(TR. 17). At the hearing, a vocational expert (VE) testified that Mr. Palmer's past relevant work included: (1) a full charge bookkeeper, listed in the Dictionary of Occupational Titles (DOT) at #210.382-014, (2) general ledger accountant, listed in the DOT at #210.382-046, and (3) billing clerk, listed in the DOT at #214.382-014. (TR.

105-106, 38). Next, the ALJ considered the limitations outlined in the RFC and posed them in a hypothetical to the VE. (TR. 107-110). With the limitations, the VE testified that Mr. Palmer could: (1) perform his past relevant work as a full charge bookkeeper, both as he had performed it, and as it is generally performed in the national economy, (2) perform his past relevant work as a general ledger accountant, as that job is generally performed in the national economy, and (3) perform his past relevant work as a billing clerk, as that job is generally performed in the national economy. (TR. 109-110). The ALJ adopted the testimony of the VE and concluded that Mr. Palmer was not disabled based on his ability to perform his past relevant work. (TR. 38).

### III. ISSUE PRESENTED

Due to alleged errors in the RFC and the hypothetical to the VE, Plaintiff alleges a lack of substantial evidence to support the ALJ's ultimate finding of non-disability.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh

the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ'S DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Mr. Palmer alleges two separate, yet related, points of error. First, Plaintiff contends that the ALJ failed to follow the directives of the Appeals Council in formulating the RFC. (ECF No. 10:2-4). Specifically, Plaintiff argues that the RFC presented to the VE did not reflect use of prescribed assistive devices, as mandated in the remand order. (ECF No. 10:3). Second, Plaintiff claims that the omission is especially critical in light of the ALJ's finding that Plaintiff can perform sedentary work which involves lifting and carrying. (ECF. No. 10:3). As a result of the errors, Plaintiff argues that the hypothetical to the VE was incomplete and his testimony, on which the ALJ relied, cannot constitute substantial evidence to support the administrative decision. (ECF No. 10:2-4). Mr. Palmer is wrong.

### A. The ALJ Followed the Directive of the Appeals Council Regarding Plaintiff's Use of Assistive Devices

Citing page 73 of the administrative record, Plaintiff states that the RFC the ALJ presented to the VE failed to account for Plaintiff's need to use assistive devices. (ECF No. 10:3). Mr. Palmer is mistaken.

In the Appeals Council's order remanding the case for a second hearing, the ALJ was instructed to:

- Evaluate the claimant's use of a cane and or walker and its effects on his ability to perform work-related activities,

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations, and

- If warranted, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. The hypothetical questions should reflect the specific limitations established by the record as a whole. . .

(TR. 139-140) (internal citations omitted).

At the hearing, Mr. Palmer testified that he was prescribed a cane and a walker in 2009 and that he uses either for walking in an attempt to alleviate back pain. (TR. 98). However, with regard to the walker, Plaintiff stated he "avoid[ed] using it a whole lot" because using it caused increased leg pain. (TR. 97). Armed with this information and consistent with the Appeals Council's instructions, the ALJ included "[u]se of [a] cane in [the] right upper extremity for ambulation and use of a walker for ambulation" in the hypothetical to the VE. (TR. 107, 109). With these limitations, the VE testified that Mr. Palmer could perform his past relevant work as a full charge bookkeeper, as he had previously performed it and as it is generally performed in the national economy, and that he could perform his past relevant work as a general ledger accountant and billing clerk, as those jobs are generally performed in the national economy. (TR. 109-110). The VE also testified that there were no conflicts with his testimony and the job requirements as set forth in the DOT. (TR. 112-113).

In support of his argument, Mr. Palmer incorrectly cites the RFC that the ALJ presented to the VE during the *first* administrative hearing. *See* ECF No. 10:3 (citing TR. 73). *That* hypothetical was deficient in light of new and material evidence related to

Plaintiff's use of assistive devices which was submitted to the Appeals Council and provided a basis for remand. (TR. 139-140). In the second hearing, however, the ALJ followed the Appeals Council's directive and accounted for Mr. Palmer's use of a cane and walker in the hypothetical to the VE. *Compare* TR. 139-140 *with* TR. 107-110. Because the ALJ included in his hypothetical question all of the limitations set forth in the RFC, pursuant to the Appeals Council's remand order and as borne out by the record, the VE's testimony constitutes substantial evidence to support the denial of disability benefits. *See Decker v. Chater,* 86 F.3d 953, 955 (10th Cir. 1996).

### B. No Conflict in the RFC and Mr. Palmer's Use of Assistive Devices

Mr. Palmer also claims the RFC was not specific regarding his need for "one and two handed assistive devices" and that the error was critical in light of the ALJ's findings that Mr. Palmer was capable of "sedentary" work, which involved some lifting or carrying. (ECF No. 10:3). According to Plaintiff, the ability to lift and carry objects could be compromised by his need to use a walker, which would require both of his hands. *See* ECF No. 10:3 ("How is he going to carry anything when he is on his walker? That is why the RFC must be specific for one and two handed assistive devices.") (ECF No. 10:3). As a result, Mr. Palmer claims that the VE's testimony cannot constitute substantial evidence to support the ALJ's ultimate finding of non-disability. (ECF. 10:3). The Court should reject Plaintiff's argument.

Although Mr. Palmer has queried how he would be able to work in a job which required him to carry things if he is using his walker, he has not argued that he is

unable to perform the requirements of the three jobs identified by the VE. In the absence of such challenge, Plaintiff's argument fails. See *Martinez v. Astrue*, 316 F. App'x. 819, 825 (10th Cir. 2009) (rejecting plaintiff's claim that her use of a cane might prevent her from meeting the "carrying" requirements of sedentary work because "she has advanced no argument that any of the three sedentary jobs the VE identified—information clerk, receptionist, and telemarketer—are so affected.").

## C. Summary

On remand, the ALJ followed the Appeals Council's order and evaluated the Plaintiff's need to use a walker and/or cane. The ALJ included the limitation in a hypothetical to the VE who testified that Plaintiff could perform his past relevant work both as previously performed and as generally performed in the national economy. The VE further testified that there were no conflicts between his testimony and the DOT. Although Plaintiff makes a general challenge regarding a possibility that he could not perform sedentary jobs based on his use of a cane or walker, he failed to argue how his ability to perform any of the three jobs cited by the VE would be impaired. As a result, the Court should conclude that the VE's testimony, on which the ALJ relied, constituted substantial evidence to support the ALJ's decision.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the

parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **December 20, 2016**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on December 6, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE